1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KAREN COOPER-BELANGER,                    No.  2:14-cv-0533 DAD

12                 Plaintiff,

13        v.                                   ORDER

14   CAROLYN W. COLVIN, Commissioner
     of Social Security,

15

16                 Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1]

20   For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is

21   denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and

22   the matter is remanded for further proceedings consistent with this order.

23                              PROCEDURAL BACKGROUND

24        On February 16, 2010, plaintiff filed an application for Disability Insurance Benefits

25   ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on

26   February 2, 2009.  (Transcript ("Tr.") at 28, 174-78.)  Plaintiff's applications were denied

27   _____

28   [1]  Both parties have previously consented to Magistrate Judge jurisdiction over this action
     pursuant to 28 U.S.C. § 636(c).  (See Dkt. Nos. 5 & 7.)

                                             1

initially, (id. at 106-10), and upon reconsideration.  (Id. at 117-22.)  Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on February 28, 2012.  (Id. at 56-103.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 56-57.)

In a decision issued on April 13, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 39.)   The ALJ entered the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.  (See: updated Disco).
>
> 2.  The claimant has not engaged in substantial gainful activity since February 2, 2009, the alleged onset date (20 CFR 404.1571 *et seq*) (Exhibit 1E/9).
>
> 3.  The claimant has the following severe impairments: Fibromyalgia, headaches, and depression (20 CFR 404.1520(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  Due to her depression, she is able to perform simple repetitive tasks with no frequent public contact.
>
> 6.  The claimant is unable to perform any past relevant work (work performed in the past 15 years, performed long enough to learn the work, and performed as substantial gainful activity) (20 CFR 404.1565).
>
> 7.  The claimant was born on May 21, 1962 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

1

2

> 11.  The claimant has not been under a disability, as defined in the Social Security Act, from February 2, 2009, through the date of this decision (20 CFR 404.1520(g)).

3

(Id. at 30-39.)

4

On December 3, 2013, the Appeals Council denied plaintiff's request for review of the

5

ALJ's April 13, 2012 decision.  (Id. at 7-9.)  After receiving an extension of time to file a civil

6

action, (id. at 1-2), plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the

7

complaint in this action on February 24, 2014.

8

LEGAL STANDARD

9

"The district court reviews the Commissioner's final decision for substantial evidence,

10

and the Commissioner's decision will be disturbed only if it is not supported by substantial

11

evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

12

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

13

support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

14

Chater, 108 F.3d 978, 980 (9th Cir. 1997).

15

"[A] reviewing court must consider the entire record as a whole and may not affirm

16

simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin.,

17

466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

18

1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

19

reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d

20

1072, 1075 (9th Cir. 2002).

21

A five-step evaluation process is used to determine whether a claimant is disabled. 20

22

C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

23

process has been summarized as follows:

24

25

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.

26

27

> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

28

/////

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

In her pending motion plaintiff asserts that the ALJ erred in rejecting plaintiff's testimony concerning the severity of her impairments.  (Pl.'s MSJ (Dkt. No. 15) at 6-12.[2])  The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.

Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling pain,

2   or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674 F.3d

3   1104, 1112 (9th Cir. 2012).

4          "The ALJ must specifically identify what testimony is credible and what testimony

5   undermines the claimant's complaints."  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685,

6   693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

7   1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the

8   "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or

9   between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and

10  testimony from physicians and third parties concerning the nature, severity, and effect of the

11  symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.

12  2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.

13  1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the

14  court "may not engage in second-guessing."  Id.

15         Here, the ALJ found that plaintiff's medically determinable impairments could reasonably

16  be expected to cause the symptoms alleged, but that plaintiff's statements concerning the

17  intensity, persistence and limiting effects of those symptoms were not credible to the extent they

18  were inconsistent with the ALJ's own residual functional capacity assessment.  (Tr. at 35.)  The

19  ALJ then stated that, [i]n terms of the [plaintiff's] alleged impairments," the ALJ did "not find her

20  to be as impaired as she claims."  (Id.)  The ALJ went on to state,

21              On January 23, 2009, she requested a return to work on light duty.
                She had undergone a vaginal hysterectomy three weeks before and
22              was doing well.  Then on March 13, 2009, she requested to be off
                work for six more months.   On May 11, 2009, her treating
23              physician . . . was treating her for depression.  He noted that she
                was leaving for a 3-week Canadian vacation.  In June of 2009, she
24              reported the trip went well and she had some fatigue.  She took a
                second trip to Canada from July 13, 2009 to July 22, 2009.  She
25              reported being exhausted but her trip went ok.

26  (Id. at 35) (citations omitted).  The ALJ also stated that plaintiff's treating physician reported on

27  November 23, 2010, that plaintiff "was doing well all in all," that plaintiff reported on March 17,

28  2011, "to being more depressed and with low energy," and that on May 12, 2011, plaintiff

1  reported "going to a gym 3-4 times a week," and "reading a lot of books." (Id.) The ALJ also

2  recounted that plaintiff reported having "good and bad days." (Id.) The ALJ, however, found

3  that "even on a bad day it sounds like she does most household tasks including cooking, cleaning

4  and shopping; just at a slower pace." (Id.) The ALJ also stated that plaintiff was "credible in

5  complaining of fatigue," but "there is no medical support since fibromyalgia is not clearly shown

6  with medical findings and [plaintiff] only has mild to moderate depression." (Id.)

7        The ALJ then acknowledged that plaintiff reported that "she is no longer able to take

8  walks at a fast pace due to fatigue," but that plaintiff had "not reported this to her treating

9  physician." (Id. at 36.) The ALJ also noted that plaintiff had "not had any mental treatment since

10  May of 2011," and that plaintiff's treating physician "stated that she was stable and less depressed

11  in May of 2011." (Id.) The ALJ then concluded the analysis of plaintiff's testimony by stating,

> The undersigned also notes that the claimant does not have a long-term strong work history in the U.S. She noted that is due to coming here from Canada. Her earnings record only shows earnings beginning in 2002 and ending in 2009. She reported that she quit all of her jobs because she was fatigued and having problems thinking at work but she was never fired. In addition, while all past work was semi-skilled or above, she has never worked at a simple unskilled job. Therefore, the undersigned finds that she is capable of performing unskilled but not skilled work.

17  (Id.) (citations omitted).

18        It is unclear how exactly the ALJ treated plaintiff's testimony with respect to the severity

19  of her impairments. This is because in the decision the ALJ made a series of statements regarding

20  plaintiff's testimony, the import of some of which is not entirely clear, without explicitly stating

21  any conclusion drawn by the ALJ from those statements. For example, the ALJ never stated in

22  the decision that plaintiff's testimony was not supported by or was inconsistent with any medical

23  opinion evidence or the evidence of record. Nor did the ALJ conclude that plaintiff's testimony

24  was inconsistent with the daily activities plaintiff engaged in,[3] that plaintiff had received only

25  conservative medical treatment, or anything of the like.

---

[3]  Moreover, to the extent the ALJ was suggesting in the decision that plaintiff's activities of daily living undermined her credibility, it is well established that social security claimants need not be "utterly incapacitated to be eligible for benefits." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

6

1   　　The Ninth Circuit, "has repeatedly asserted that the mere fact that a plaintiff has carried on

2   certain daily activities . . . does not in any way detract from her credibility as to her overall

3   disability.'" Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Halter, 260

4   F.3d 1044, 1050 (9th Cir. 2001)). See also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)

5   ("disability claimants should not be penalized for attempting to lead normal lives in the face of

6   their limitations"); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) ("Disability does not

7   mean that a claimant must vegetate in a dark room excluded from all forms of human and social

8   activity."). In general, the Commissioner does not consider "activities like taking care of

9   yourself, household tasks, hobbies, therapy, school attendance, club activities, or social

10  programs" to be substantial gainful activities. 20 C.F.R. § 404.1572(c). "Rather, a Social

11  Security claimant's activities of daily living may discredit her testimony regarding symptoms

12  only when either (1) the activities 'meet the threshold for transferable work skills' or (2) the

13  activities contradict her testimony." Schultz v. Colvin, 32 F.Supp.3d 1047, 1059 (N.D. Cal.

14  2014) (quoting Orn, 495 F.3d at 639).

15  　　To the extent the ALJ may have found that plaintiff's testimony was not credible due to a

16  lack of medical support, "after a claimant produces objective medical evidence of an underlying

17  impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of

18  medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d

19  676, 680 (9th Cir. 2005). See also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010)

20  ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue.").[4]

21  　　Moreover, as noted above, plaintiff's severe impairments include fibromyalgia. It has

22  been recognized that "[f]ibromyalgia's cause is unknown, there is no cure, and it is poorly-

23  understood within much of the medical community. The disease is diagnosed entirely on the

24  basis of patients' reports of pain and other symptoms." Benecke v. Barnhart, 379 F.3d 587, 590

25  (9th Cir. 2004). Fibromyalgia's "symptoms are entirely subjective. There are no laboratory tests

26  for [its] presence or severity." Jordan v. Northup Grumman Corp. Welfare Benefit Plan, 370 F.3d

27

28  [4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule
    36-3(b).

1   869, 872 (9th Cir. 2004) overruled on other grounds by Abatie v. Alta Health & Life Ins. Co., 458

2   F.3d 955, 970 (9th Cir. 2006) (en banc).  See also Coleman v. Astrue, 423 Fed. Appx. 754, 755-

3   56 (9th Cir. 2011) ("The ALJ relied on the absence of objective physical symptoms of severe pain

4   as a basis for disbelieving Coleman's testimony regarding her symptoms.  He erred insofar as

5   Coleman's pain is related to her fibromyalgia, which is a disease that eludes objective

6   measurement.").[5]

7       The undersigned notes that plaintiff's severe impairments also included depression.[6]  With

8   respect to such mental health impairments,

9           it is error to reject a claimant's testimony merely because symptoms
10          wax and wane in the course of treatment.  Cycles of improvement
            and debilitating symptoms are a common occurrence, and in such
11          circumstances it is error for an ALJ to pick out a few isolated
            instances of improvement over a period of months or years and to
12          treat them as a basis for concluding a claimant is capable of
            working.

13  Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014).  See also Hutsell v. Massanari, 259 F.3d

14  707, 712 (8th Cir. 2001) ("We also believe that the Commissioner erroneously relied too heavily

15  on indications in the medical record that Hutsell was 'doing well,' because doing well for the

16  purposes of a treatment program has no necessary relation to a claimant's ability to work or to her

17  work-related functional capacity."); Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001)

18  ("That a person who suffers from severe panic attacks, anxiety, and depression makes some

19  improvement does not mean that the person's impairments no longer seriously affect her ability to

20  function in a workplace.").  Thus, reports of "improvement . . . . must also be interpreted with an

21  awareness that improved functioning while being treated and while limiting environmental

22  stressors does not always mean that a claimant can function effectively in a workplace."

23  Garrison, 759 F.3d at 1017.  The Ninth Circuit "has particularly criticized the use of a lack of

24  treatment to reject mental complaints both because mental illness is notoriously underreported

25  ────────────
    [5]  See FN 4, above.

26
    [6]  As noted above, the ALJ found that plaintiff had "the following severe impairments:
27  Fibromyalgia, headaches, and depression."  (Tr. at 30.)  "[H]eadaches . . . and . . . depression"
    have been linked to fibromyalgia.  Lamanna v. Special Agents Mut. Benefits Ass'n, 546
28  F.Supp.2d 261, 269 n. 6 (W.D. Pa. 2008).

and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" <u>Regennitter v. Commissioner of Social Sec. Admin.</u>, 166 F.3d 1294, 1299-300 (9th Cir. 1999) (quoting <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1465 (9th Cir. 1996)).

For all of the reasons stated above, the court cannot find that the ALJ offered specific, clear and convincing reasons for rejecting plaintiff's testimony.  Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor with respect to her sole claim.

SCOPE OF REMAND

With error established, the court has the discretion to remand or reverse and award benefits.  <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

<u>Garrison v. Colvin</u>, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  <u>Id.</u> at 1021.  <u>See also</u> <u>Treichler</u>, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court finds that, based on the administrative record presently before the court, including the medical opinion evidence of record, there remains doubt as to whether plaintiff is in fact disabled.[7]  Accordingly, this matter will be remanded for further proceedings.  On remand, if the ALJ again finds plaintiff to be less than credible, the ALJ shall offer specific, clear and convincing reasons for doing so.

---

[7]  The court notes that the ALJ's treatment of plaintiff's subjective testimony was plaintiff's sole challenge to the ALJ's opinion presented in this action.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is granted;

2. Defendant's cross-motion for summary judgment (Dkt. No. 19) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated:  September 4, 2015

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\belanger0533.ord.docx

10