Steven G. Rosales
Attorney at Law: 222224
Law Offices of Lawrence D. Rohlfing
12631 East Imperial Highway, Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562)868-5886
Fax: (562)868-8868
E-mail: rohlfing.office@rohlfinglaw.com

Attorneys for Plaintiff
Karen Agatha Cooper-Belanger

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN AGATHA COOPER-BELANGER, | No. 2:14-cv-00533-KJN (TEMP) |
| Plaintiff, | STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

TO THE HONORABLE KENDALL J. NEWMAN, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Karen Agatha Cooper-Belanger be awarded attorney fees and expenses in the amount of THREE THOUSAND SEVEN HUNDRED dollars ($3,700.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of four hundred dollars ($400.00) under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Karen Agatha Cooper-Belanger, the government will consider the matter of Karen Agatha Cooper-Belanger's assignment of EAJA fees to Steven G. Rosales.  The retainer agreement containing the assignment is attached as exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Karen Agatha Cooper-Belanger, but if the Department of the Treasury determines that Karen Agatha Cooper-Belanger does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by Karen Agatha Cooper-Belanger.  *United States v. $186,416.00*, 722 F.3d 1173, 1176 (9th Cir. 2013) (*$186,416.00 II*) (ordering fees paid to counsel because of an assignment that did not interfere with a raised superior lien).[1]  Any payments made shall be delivered to Steven G. Rosales.

This stipulation constitutes a compromise settlement of Karen Agatha Cooper-Belanger's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Karen Agatha Cooper-Belanger and/or Steven G. Rosales including Law Offices of Lawrence D. Rohlfing may have relating to EAJA attorney fees in connection with this action.

---

[1] The Commissioner does not stipulate to the citation of *$186,416.00 II*, and will not participate in representing to this Court that it carries legal import in these proceedings.  *$186,416 II* involved a different statute and very different factual circumstances than those presented here, or in other Social Security cases.  Because the parties have agreed to the payment of EAJA fees, and the amount, and to avoid motion practice solely related to Plaintiff's citation, the Commissioner agrees to this stipulation. The Commissioner reserves the right to challenge the applicability of *$186,416 II* to any Social Security case, and this Stipulation should not be construed as a waiver of such reservation.  Karen Agatha Cooper-Belanger contends that *U.S. v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 757 (9th Cir. 2011) (*$186,416.00 I*) held that there is no functional difference between the CAFRA and EAJA in terms of "ownership" of the fee.

This award is without prejudice to the rights of Steven G. Rosales and/or the Law Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: December 17, 2015	Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING

/s/ *Steven G. Rosales*
BY:_____
Steven G. Rosales
Attorney for plaintiff Karen Agatha Cooper-Belanger

DATED: February 1, 2016	EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Chief, Civil Division
Assistant United States Attorney

/s/ *Jeffrey T. Chen*
_____
Jeffrey T. Chen
Special Assistant United States Attorney
Attorneys for Defendant Carolyn W. Colvin,
Acting Commissioner of Social Security
(Per e-mail authorization)

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: 02/11/16

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE